**WO**                                                                    SC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cedric Ah Sing, | ) | No. CV 12-0379-PHX-GMS (MEA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Corrections Corp. Of America, et al., | ) | |
| Defendants. | ) | |

Plaintiff Cedric Ah Sing, who is a Hawaiian inmate confined in the Saguaro Correctional Center (SCC), a Corrections Corporation of American (CCA) facility, in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

## I.     Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $40.00.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against

JDDL-K

1
2
3
4
5

a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

6
7
8
9
10
11

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

12
13
14
15
16
17
18
19
20
21
22
23
24
25

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.  But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

26
27
28

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court

should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint for failure to state a claim with leave to amend, because the Complaint may possibly be saved by amendment.

**III.    Complaint**

Plaintiff alleges three counts for violation of his mail and property rights and retaliation.  Plaintiff sues CCA and the following SCC employees: Assistant Warden Jody Bradley and Mail Room Officer C. Robertson.  Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

All of Plaintiff's claims are predicated on the following: on January 13, 2012, he received a notice of prohibited correspondence, i.e., denied correspondence, on the basis that the correspondence "Plans to introduce contraband into or out of the facility" and posed "Threats to the safety and security of facility order, discipline, or rehabilitation."  According to Plaintiff, the correspondence was sent from the Hawaii Department of the Auditor and Plaintiff disputes that it posed a safety or security threat.

**IV.    Failure to State a Claim**

A plaintiff may seek relief for violations of his federal constitutional or statutory rights under 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.    CCA**

Plaintiff sues CCA, a private corporation for violations of federal and state law rights.

1  Claims under § 1983 may be directed at "bodies politic and corporate."  Monell v. New York
2  City Dep't of Soc. Servs., 436 U.S. 686, 688-89 (1978).  Under the Civil Rights Act of 1871,
3  Congress intended municipal corporations and other local government units to be included
4  among those persons to whom § 1983 applies.  Id. at 2035.  That proposition has been
5  extended to corporations that act under color of state law.  See Sable Commc's of Cal. Inc.
6  v. Pacific Tel. & Tel Co., 890 F.2d 184, 189 (9th Cir. 1989) (willful joint participation of
7  private corporation in joint activity with state or its agent taken under color of state law).

8      There are four ways to find state action by a private entity for purposes of § 1983:  (1)
9  the private actor performs a public function, (2) the private actor engages in joint activity
10 with a state actor, (3) a private actor is subject to governmental compulsion or coercion, or
11 (4) there is a governmental nexus with the private actor.  Kirtley v. Rainey, 326 F.3d 1088,
12 1093 (9th Cir. 2003).  Under the public function test, "the function [performed by the private
13 actor] must traditionally be the exclusive prerogative of the state."  Parks Sch. of Bus., Inc.
14 v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995); see Kirtley, 326 F.3d at 1093; Lee v. Katz,
15 276 F.3d 550, 554-555 (9th Cir. 2002).  A privately owned corporation that operates prisons
16 pursuant to a contract with a state performs a public function that is traditionally the
17 exclusive prerogative of the state.  But, to state a claim under § 1983 against a private entity
18 performing a traditional public function, a plaintiff must allege facts to support that his
19 constitutional rights were violated as a result of a policy, decision, or custom promulgated
20 or endorsed by the private entity.  See Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997);
21 Street v. Corrections Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996); Wall v. Dion, 257 F.
22 Supp.2d 316, 319 (D. Me 2003); see also Austin v. Paramount Parks, Inc., 195 F.3d 715, 727
23 (4th Cir. 1999); Rojas v. Alexander's Dep't Store, Inc. , 924 F.2d 406, 408 (2d Cir. 1990);
24 Lux by Lux v. Hansen, 886 F.2d 1064, 1067 (8th Cir. 1989).

25     CCA performs a traditional public function, i.e., operating a prison.  However,
26 Plaintiff fails to allege facts to support that CCA promulgated or endorsed a policy or custom
27 that resulted in the alleged violation of Plaintiff's federal rights.  Further, there is no
28 respondeat superior liability under § 1983, so a defendant's position as the employer of

JDDL-K                                    - 4 -

someone who allegedly violated a plaintiff's constitutional rights does not make it liable. Monell, 436 U.S. at 691; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Because Plaintiff fails to allege any *facts* against CCA, it will be dismissed.

### B.    Count I

Plaintiff designates Count I as a claim concerning incoming mail.  Defendant Robertson opened the mail from the Auditor outside of Plaintiff's presence, which Plaintiff contends was improper because the mail was privileged and confidential. Defendant Bradley denied Plaintiff's appeal concerning withholding of that mail.

Inmates retain First Amendment rights not inconsistent with their status as prisoners, or with legitimate penological objectives of the corrections system. See Shaw v. Murphy, 532 U.S. 223, 231 (2001); Clement v. California Dep't of Corr., 364 F.3d 1148, 1151 (9th Cir. 2004).   Those rights include a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1999).  However, that "right is subject to 'substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security.'" Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005); Morrison v. Hall, 261 F.3d 896 (9th Cir. 2001); Prison Legal News v. Cook, 238 F.3d 1145 (9th Cir. 2001).  Prison officials may examine a prisoner's communications without infringing upon his rights.  United States v. Wilson, 447 F.2d 1, 8 n. 4 (9th Cir.1971).  Thus, courts have upheld policies that call for inspection of non-legal mail for contraband. Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir.1991); Witherow v. Paff, 52 F.3d 264 (9th Cir. 1995); Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir.1986). Only mail from an inmate's attorney constitutes "legal mail," thus, for example, mail from the court is not "legal mail." See Keenan v. Hall, 83 F.3d 1083, 1084 (9th Cir. 1996); Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987).

Contrary to Plaintiff's assertion, mail from the Department of the Auditor did not constitute legal mail and could properly be opened outside of Plaintiff's presence without violating his constitutional rights. Further, absent additional allegations, the correspondence was withheld for legitimate penological reasons.   Plaintiff thus fails to state a First

1    Amendment violation as to Robertson.

2            To the extent that Plaintiff seeks relief against Bradley for denying his appeal,

3    Plaintiff also fails to state a claim.  Where a defendant's only involvement in allegedly

4    unconstitutional conduct is the denial of administrative grievances, the failure to intervene

5    on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to

6    active unconstitutional behavior for purposes of § 1983.  Shehee v. Luttrell, 199 F.3d 295,

7    300 (6th Cir. 1999); accord Mintun v. Blades, No. CV-06-139-BLW, 2008 WL 711636, at

8    *7 (D. Idaho Mar. 14, 2008); Stocker v. Warden, No. 1:07-CV-00589, 2009 WL 981323, at

9    *10 (E.D. Cal. Apr. 13, 2009).  For the reasons discussed, Count I will be dismissed for

10   failure to state a claim.

11           **C.     Count II**

12           Plaintiff designates Count II as a claim concerning the deprivation of property.

13   Plaintiff complains that he was wrongfully deprived of incoming mail, i.e., the Auditor's

14   report.  In Parratt v. Taylor, 451 U.S. 527, 541 (1981), the Supreme Court held that due

15   process is not violated when a state employee negligently deprives an individual of property,

16   as long as the state makes available a meaningful post-deprivation remedy.  The rationale

17   underlying Parratt is that *pre*-deprivation procedures are impractical when the deprivation

18   of property occurs through negligent conduct of a state employee because a state cannot

19   know when such deprivations will occur.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

20   However, "[w]here a government official's act causing injury to life, liberty, or property is

21   merely negligent, 'no procedure for compensation is *constitutionally* required.'"  Daniels v.

22   Williams, 474 U.S. 327, 333 (1986) (emphasis added) (quoting Parratt, 451 U.S. at 548).

23           The logic of Parratt has been extended to intentional *un*authorized deprivations of

24   property by state actors because a state also cannot know when such deprivations will occur.

25   Hudson, 468 U.S. at 533.  As with negligent deprivations, where a state makes available a

26   meaningful *post*-deprivation remedy, such as a common-law tort suit against a prison

27   employee for intentional unauthorized deprivations, a federal due process claim is precluded.

28   Hudson, 468 U.S. at 534-35; King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986).

1   *If* Plaintiff is attempting to allege an intentional *un*authorized deprivation of property

2   by prison staff, he fails to state a constitutional claim.  Under Arizona state law, Plaintiff has

3   an available post-deprivation remedy via an action for conversion.  See Howland v. State,

4   818 P.2d 1169, 1172-73 (Ariz. Ct. App. 1991) (prison officials' confiscation of and failure

5   to return prisoner's personal property states a state law claim for conversion); see also Wright

6   v. Riveland, 219 F.3d 905, 918 (9th Cir. 2000) (prisoners in Washington have adequate post-

7   deprivation remedies to challenge deductions from inmate accounts by utilizing the prison

8   grievance procedure or by filing a state tort action).

9       *If*, on the other hand, Plaintiff is attempting to allege a deprivation of property by

10  prison staff pursuant to prison regulations or policies, he *may* be able to state a Due Process

11  violation.  To state a federal constitutional claim, Plaintiff must allege facts to support that

12  a deprivation was (a) authorized by prison policies or regulations, (b) by a Defendant, and

13  (c) absent pre-deprivation procedures.  Plaintiff alleges the correspondence was withheld as

14  posing a threat to the safety or security of SCC, seemingly pursuant to prison policies.

15  However, Plaintiff fails to allege facts to support that he was denied any pre-deprivation

16  procedures.  In fact, he indicates that he unsuccessfully appealed the withholding.  In short,

17  if Plaintiff complains of the deprivation of property pursuant to prison policies, he fails to

18  allege facts to support that he was denied any process due.  Accordingly, Plaintiff fails to

19  state a claim for violation of due process and Count II will be dismissed.

20      **D.   Count III**

21      Plaintiff designates Count III as a claim for retaliation.  He contends that Robertson

22  and Bradley confiscated his incoming mail, i.e., the State Auditor's report, in retaliation for

23  Plaintiff having filed a lawsuit, Ah Sing v. Corrections Corp. of America, No. CV12-0034-

24  PHX-GMS (D. Ariz. Jan. 5, 2012).

25      To state a constitutional claim for retaliation, a plaintiff must allege that a defendant

26  acting under color of state law took adverse action against him because he engaged in

27  constitutionally-protected conduct, the adverse action was not narrowly tailored to advance

28  legitimate goals, and the adverse action chilled the plaintiff's exercise of his First

1    Amendment rights or caused him to suffer more than minimal harm.  Rhodes v. Robinson,

2    408 F.3d 559, 567-58 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir.

3    1997) (retaliation claims requires an inmate must show (1) that the prison official acted in

4    retaliation for the exercise of a constitutionally-protected right, and (2) that the action

5    "advanced no legitimate penological interest").

6         As discussed above, the Auditor's report did not constitute legal mail that had to be

7    opened in Plaintiff's presence.  Further, absent additional facts, the report was withheld for

8    legitimate penological reasons and Plaintiff was afforded the process due.  While Plaintiff

9    asserts that his mail was withheld in retaliation for filing CV12-0034, the Court notes that

10   case was dismissed on February 21, 2012 after Plaintiff failed to pay the filing fee or to

11   submit a properly completed in forma pauperis application.  Ah Sing, CV12-0034 (D. Ariz.

12   Feb. 21, 2012).  That is, the case was dismissed prior to service of the complaint on any

13   defendant.  Plaintiff otherwise fails to allege facts to support that any Defendant knew of the

14   filing of that case or facts that support an inference that the Auditor's report was confiscated

15   in retaliation for Plaintiff's filing of that case.  For these reasons, Plaintiff fails to state a

16   claim for retaliation.

17   **V.    Leave to Amend**

18        For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

19   a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

20   amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

21   Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

22   to use the court-approved form, the Court may strike the amended complaint and dismiss this

23   action without further notice to Plaintiff.

24        Plaintiff must clearly designate on the face of the document that it is the "First

25   Amended Complaint."  The first amended complaint must be retyped or rewritten in its

26   entirety on the court-approved form and may not incorporate any part of the original

27   Complaint by reference.  Plaintiff may include only one claim per count.

28        A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Warnings**

### A.    Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.    Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $40.00.

(3)    The Complaint is **dismissed** for failure to state a claim.  (Doc. 1.)  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 11th day of April, 2012.

A. Murray Snow
G. Murray Snow
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)          )
              Plaintiff,  )
                     )
          vs.  )  **CASE NO.** _____
                     )        (To be supplied by the Clerk)
(1) _____ ,  )
(Full Name of Defendant)          )
(2) _____ ,  )
                     )  **CIVIL RIGHTS COMPLAINT**
(3) _____ ,  )  **BY A PRISONER**
                     )
(4) _____ ,  )  ☐ Original Complaint
           Defendant(s).  )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )  ☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____ .

2.    Institution/city where violation occurred: _____ .

**550/555**

## B.  DEFENDANTS

1. Name of first Defendant: _____. The first Defendant is employed as:
   _____at_____.
   (Position and Title)                                          (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
   _____at_____.
   (Position and Title)                                          (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
   _____at_____.
   (Position and Title)                                          (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____at_____.
   (Position and Title)                                          (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2. If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities       ☐ Mail              ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings  ☐ Property         ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies:**
   a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                              ☐ Yes   ☐ No
   b.  Did you submit a request for administrative relief on Count I?        ☐ Yes   ☐ No
   c.  Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☐ No
   d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated:  _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities       ☐ Mail       ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?       ☐ Yes   ☐ No
    b.   Did you submit a request for administrative relief on Count II?       ☐ Yes   ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
          at your institution?                                                    ☐ Yes   ☐ No
     b.   Did you submit a request for administrative relief on Count III?         ☐ Yes   ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
          you did not. _____
          _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____         _____
                            DATE                                         SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.