1 **WO**                                                                                                    SC

2

3

4

5

6                        **IN THE UNITED STATES DISTRICT COURT**

7                            **FOR THE DISTRICT OF ARIZONA**

8

Cedric Ah Sing,                                    )      No. CV 12-0379-PHX-GMS (MEA)
9                                                   )
            Plaintiff,                              )      **ORDER**
10                                                  )
vs.                                                 )
11                                                  )
Corrections Corp. Of America, et al.,               )
12                                                  )
            Defendants.                             )
13 _____ )

14         Plaintiff Cedric Ah Sing, who is a Hawaiian inmate confined in the Saguaro

15 Correctional Center (SCC), a Corrections Corporation of American (CCA) facility, in Eloy,

16 Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court

17 dismissed for failure to state a claim with leave to amend.  (Doc. 1, 5.)  Plaintiff has filed a

18 First Amended Complaint.  (Doc. 7.)  The Court will dismiss the First Amended Complaint

19 with leave to amend.

20 **I.     Statutory Screening of Prisoner Complaints**

21         The Court is required to screen complaints brought by prisoners seeking relief against

22 a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

23 § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

24 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

25 be granted, or that seek monetary relief from a defendant who is immune from such relief.

26 28 U.S.C. § 1915A(b)(1), (2).

27         A pleading must contain a "short and plain statement of the claim *showing* that the

28 pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

JDDL-K

1    demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
2    unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
3    "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
4    statements, do not suffice."   Id.

5         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
6    claim to relief that is plausible on its face.'"   Id. (quoting Bell Atlantic Corp. v. Twombly,
7    550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
8    that allows the court to draw the reasonable inference that the defendant is liable for the
9    misconduct alleged."   Id.  "Determining whether a complaint states a plausible claim for
10   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
11   experience and common sense."   Id. at 1950.  Thus, although a plaintiff's specific factual
12   allegations may be consistent with a constitutional claim, a court must assess whether there
13   are other "more likely explanations" for a defendant's conduct.   Id. at 1951.  But as the
14   United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue
15   to construe pro se filings liberally."   Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A
16   "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal
17   pleadings drafted by lawyers.'"   Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per
18   curiam)).

19        If the Court determines that a pleading could be cured by the allegation of other facts,
20   a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the
21   action.   See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  The Court
22   should not, however, advise the litigant how to cure the defects.  This type of advice "would
23   undermine district judges' role as impartial decisionmakers."   Pliler v. Ford, 542 U.S. 225,
24   231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
25   required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's First
26   Amended Complaint for failure to state a claim with leave to amend, because it may possibly
27   be saved by amendment.
28   /     /     /

## II.     First Amended Complaint

Plaintiff alleges three counts for violation of his right to receive mail, retaliation, and the right to petition for redress of grievances.  Plaintiff sues SCC employees Assistant Warden Jody Bradley and Mail Room Officer C. Robertson.  Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

All of Plaintiff's claims are predicated on the following facts: the SCC inmate handbook provides as follows:

> Legal Mail: Legal mail and special mail from governmental officials, attorneys, and other agencies may be opened and checked for contraban [sic] ONLY IN YOUR PRESENCE.  The envelope must be marked "LEGAL MAIL/MATERIAL" and must be marked by the sender with proper seal or identification information.  It must be properly addressed as shown in this hand-book.  Mail not properly marked and addressed WILL BE RETURNED TO THE SENDER.  Mail marked "LEGAL MAIL" and found to be other than legal mail could lead to closer consideration in the future and could result in disciplinary actions.

(Doc. 7 at 3.)

On January 13, 2012, a copy of a State of Hawaii Audit arrived via registered mail at SCC for Plaintiff.  The audit report was sent by the Office of the State Auditor and was prominently marked as coming from the State Auditor.  (Id. at 4.)  Defendant Robertson issued a "prohibited correspondence" notice to Plaintiff regarding the audit report.  Robertson stated in the notice that the item was withheld on the basis that it introduced contraband into or out of the facility and posed a threat to the safety and security of facility order, discipline, or rehabilitation.  Plaintiff appealed the withholding of the item to Defendant Bradley on the basis that under SCC's inmate handbook the item was "legal mail" that should only have been opened in his presence.  On January 19, 2012, Bradley denied the appeal.

According to Plaintiff, the audit report from the State Auditor, a governmental official, was not returned to the State Auditor as provided in the SCC handbook.  He contends that the audit report was confiscated or stolen.  He further contends that because he had a "RICO" case pending, which "hinged upon receiving those documents," i.e., the audit report, his RICO case was dismissed for failure to pay the filing fee *and* "because [] the evidence that

1  could not be protected by this court."[1]  (Id. at 4.)  Plaintiff contends that Bradley ordered

2  Robertson to confiscate and destroy any and all of Plaintiff's special and legal mail contrary

3  to SCC policy, and that unlike similar articles delivered to other inmates, the audit report was

4  withheld because Plaintiff had filed the RICO case.

5  **III.    Failure to State a Claim**

6  A plaintiff may seek relief for violations of his federal constitutional or statutory rights

7  under 42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege facts

8  supporting that (1) the conduct about which he complains was committed by a person acting

9  under the color of state law and (2) the conduct deprived him of a federal constitutional or

10  statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a

11  plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular

12  defendant and he must allege an affirmative link between the injury and the conduct of that

13  defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

14  **A.    Count I**

15  Plaintiff designates Count I as a claim for violation of his First Amendment right to

16  receive "legal mail" based on Robertson's opening mail from the State Auditor, a

17  government official, outside Plaintiff's presence.  He also contends that the report was

18  withheld and destroyed in contravention of SCC policy, which provides that such mail will

19  be returned to the sender. Plaintiff further contends that Defendant Bradley denied Plaintiff's

20  appeal in contravention SCC's designation that mail from government officials constitutes

21  "legal mail."

22  Inmates retain First Amendment rights not inconsistent with their status as prisoners,

23  or with legitimate penological objectives of the corrections system.  See Shaw v. Murphy,

24  532 U.S. 223, 231 (2001); Clement v. California Dep't of Corr., 364 F.3d 1148, 1151 (9th

25  Cir. 2004).  Those rights include a First Amendment right to send and receive mail.

26  

27  [1] Plaintiff appears to refer to Ah Sing v. Corrections Corp. of America, No. CV12-0034-PHX-GMS (D. Ariz. Feb. 21, 2012).  This case was dismissed prior to service on any

28  defendant.  Further, it was dismissed *solely* because Plaintiff failed to either pay the filing fee or to file a properly completed *in forma pauperis* application.

1    Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1999).  However, that "right is subject to

2    'substantial limitations and restrictions in order to allow prison officials to achieve legitimate

3    correctional goals and maintain institutional security.'" Prison Legal News v. Lehman, 397

4    F.3d 692, 699 (9th Cir. 2005); Morrison v. Hall, 261 F.3d 896 (9th Cir. 2001); Prison Legal

5    News v. Cook, 238 F.3d 1145 (9th Cir. 2001).  Prison officials may examine a prisoner's

6    communications without infringing upon his rights.  United States v. Wilson, 447 F.2d 1, 8

7    n. 4 (9th Cir.1971).  Further, courts have upheld policies that call for inspection of non-legal

8    mail for contraband.  Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir.1991); Witherow v. Paff,

9    52 F.3d 264 (9th Cir. 1995); Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir.1986).

10           Plaintiff contends that his constitutional rights were violated where mail from the

11   State Auditor was opened outside his presence, although such mail is identified as legal or

12   special mail under SCC policy that is to be opened in the presence of the inmate.  Under the

13   First Amendment, mail from an inmate's attorney, or prospective attorney, constitutes "legal

14   mail" that, when appropriately labeled, is entitled to greater protection than other mail.  See

15   Wolff v. McDonnell, 418 U.S. 539, 576 (1974) (stating that legal mail must be specifically

16   marked as originating from an attorney).  However, mail from a public agency, and not from

17   a particular attorney, does not constitute "legal mail" entitled to greater First Amendment

18   protections.  See Grigsby v. Horel, 341 Fed. Appx. 314, 314-15 (9th Cir. 2009); Jenkins v.

19   Huntley, 235 Fed. Appx. 374, 376 (7th Cir. 2007) (letter from Illinois Attorney Registration

20   and Disciplinary Commission was not legal mail where inmate was not represented or

21   seeking representation by the Commission); Kaufman v. McCaughtry, 419 F.3d 678, 685-86

22   (7th Cir. 2005) (mail from Department of Justice, nonprofit civil liberties organization, and

23   other legally oriented entities did not constitute legal mail where inmate was not represented

24   by or seeking representation by attorney with sending organization); Sallier v. Brooks, 343

25   F.3d 868, 875-76 (6th Cir. 2003) (mail from the American Bar Association and from various

26   county clerks and register of deeds did not implicate inmate's First Amendment legal mail

27   rights).  Prison officials may set a higher standard than that required by the First Amendment

28   concerning the type of mail to be opened in an inmate's presence, as appears to be the case

1   at SCC.  Doing so, however, does not elevate a violation of prison policy into a constitutional

2   claim, absent more.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Because under

3   the First Amendment, an inmate does not have a constitutional right to be present when mail

4   from a government official is reviewed, Plaintiff fails to state a claim for violation of his

5   constitutional rights.  Similarly, the fact that mail is sent registered does not convert it into

6   "legal mail" under the First Amendment.

7        To the extent that Plaintiff seeks relief against Bradley for denying his grievance

8   appeal, Plaintiff also fails to state a claim.  Where a defendant's only involvement in

9   allegedly unconstitutional conduct is the denial of administrative grievances, the failure to

10  intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not

11  amount to active unconstitutional behavior for purposes of § 1983.  Shehee v. Luttrell, 199

12  F.3d 295, 300 (6th Cir. 1999); accord Mintun v. Blades, No. CV-06-139-BLW, 2008 WL

13  711636, at *7 (D. Idaho Mar. 14, 2008); Stocker v. Warden, No. 1:07-CV-00589, 2009 WL

14  981323, at *10 (E.D. Cal. Apr. 13, 2009).  As discussed above, non-compliance with a prison

15  policy providing from greater protections than those under the First Amendment, where

16  prison officials did not violate First Amendment standards, does not state a constitutional

17  claim.  Consequently, the denial of a grievance appeal also fails.  For the reasons discussed,

18  Count I will be dismissed for failure to state a claim.

19        **C.    Count II**

20        Plaintiff designates Count II as a claim for violation of his mail rights.  However, in

21  Count II, Plaintiff alleges that Bradley ordered Robertson to treat Plaintiff's legal or special

22  mail differently than analogous mail sent to other inmates, purportedly because Plaintiff had

23  filed a RICO action. The Court construes Count II as a claim for retaliation, deprivation of

24  property in violation of due process, and violation of equal protection.

25        **1.    Retaliation**

26        A viable claim of First Amendment retaliation contains five basic elements: (1) an

27  assertion that a state actor took some adverse action against an inmate (2) because of (3) that

28  prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest").  The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct.  Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff does not allege a factual basis for his assertion that Bradley ordered Robertson to treat his incoming mail differently than that of other inmates.  That is, Plaintiff has not alleged that he heard Bradley order Robertson to treat his mail differently than that of other inmates.  Further, Plaintiff fails to allege any facts to support that Bradley or Robertson knew that Plaintiff had filed his earlier RICO case, much less facts to support that Plaintiff's doing so prompted either to retaliate against him.  Plaintiff thus fails to state a claim for retaliation in Count II.

## B.    Property

Plaintiff also alleges that the Auditor's report mailed to him was destroyed rather than being returned to the State Auditor, contrary to SCC's mail policy.  In Parratt v. Taylor, 451 U.S. 527, 541 (1981), the Supreme Court held that due process is not violated when a state employee negligently deprives an individual of property, as long as the state makes available a meaningful post-deprivation remedy.  The rationale underlying Parratt is that *pre*-deprivation procedures are impractical when the deprivation of property occurs through negligent conduct of a state employee because a state cannot know when such deprivations will occur.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  However, "[w]here a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is *constitutionally* required.'"  Daniels v. Williams, 474 U.S. 327, 333 (1986) (emphasis added) (quoting Parratt, 451 U.S. at 548).

1   The logic of <u>Parratt</u> has been extended to intentional *un*authorized deprivations of

2   property by state actors because a state also cannot know when such deprivations will occur.

3   <u>Hudson</u>, 468 U.S. at 533.  As with negligent deprivations, where a state makes available a

4   meaningful *post*-deprivation remedy, such as a common-law tort suit against a prison

5   employee for intentional unauthorized deprivations, a federal due process claim is precluded.

6   <u>Hudson</u>, 468 U.S. at 534-35; <u>King v. Massarweh</u>, 782 F.2d 825, 826 (9th Cir. 1986).

7   Plaintiff appears to be attempting to allege an intentional *un*authorized deprivation of

8   property by prison staff.  However, under Arizona state law, Plaintiff has an available post-

9   deprivation remedy via an action for conversion.  <u>See</u> <u>Howland v. State</u>, 818 P.2d 1169,

10   1172-73 (Ariz. Ct. App. 1991) (prison officials' confiscation of and failure to return

11   prisoner's personal property states a state law claim for conversion); <u>see also</u> <u>Wright v.</u>

12   <u>Riveland</u>, 219 F.3d 905, 918 (9th Cir. 2000) (prisoners in Washington have adequate post-

13   deprivation remedies to challenge deductions from inmate accounts by utilizing the prison

14   grievance procedure or by filing a state tort action).  Accordingly, Plaintiff fails to state a

15   claim for deprivation of property in violation of due process.

16   **3.     Equal Protection**

17   Plaintiff also asserts that mail sent to him by government officials was treated

18   differently than analogous mail sent to other inmates.  The Equal Protection Clause of the

19   Fourteenth Amendment provides that a state may not "deny to any person within its

20   jurisdiction the equal protection of the laws," which is essentially a direction that all persons

21   similarly situated should be treated alike.  U.S. Const., amend. XIV; <u>see</u> <u>City of Cleburne v.</u>

22   <u>Cleburne Living Ctr., Inc.</u>, 473 U.S. 432, 439 (1985).  A state practice that interferes with a

23   fundamental right or that discriminates against a suspect class of individuals is subject to

24   strict scrutiny.  <u>Massachusetts Bd. of Ret. v. Murgia</u>, 427 U.S. 307, 312 (1976); <u>see</u> <u>City of</u>

25   <u>Cleburne</u>, 473 U.S. at 441.  Absent allegations that he is a member of a suspect class, or that

26   a fundamental right has been violated, a plaintiff must allege facts to support that he has been

27   intentionally treated differently from others who are similarly situated without a reasonable

28   basis therefor.  <u>See</u> <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).  Conclusory

1  allegations do not suffice.  See Village of Arlington Heights v. Metropolitan Hous. Dev.
2  Corp., 429 U.S. 252, 265 (1977).

3  Plaintiff does not allege that he is a member of suspect class or that he has been denied
4  a fundamental right.  Rather, he asserts that he has intentionally been treated differently than
5  similarly-situated inmates without a reasonable basis therefor.  However, Plaintiff fails to
6  allege facts to support his assertions; he makes only conclusory assertions.  That is not
7  sufficient to state an equal protection claim.  Accordingly, Plaintiff also fails to state a claim
8  for violation of his equal protection rights.

9  **D.    Count III**

10  Plaintiff designates Count III as a claim for retaliation or violation of the right to
11  petition for redress of grievances.  He contends that Robertson and Bradley conspired to
12  deprive him of any legal and special mail, under SCC policy, sent to him from any
13  governmental official, based on the withholding of the Auditor's report. Plaintiff asserts that
14  Defendants are conducting illegal cell searches and that the Auditor's report "would have
15  shown that CCA and all their employees does [sic] not belong here under an illegal contract
16  with Hawaii." (Doc. 7 at 5.) Plaintiff contends the cell searches are to "obtain evidence from
17  [him] regarding any future law suits that would put CCA in danger of losing its contracts
18  with the State of Hawaii."  (Id.) Plaintiff further contends that Bradley manufactures false
19  disciplinary reports and confinement in segregation absent any disciplinary report.  He
20  contends that Robertson opens legal mail to learn and destroy mail that could pose a threat
21  to job security.

22  Plaintiff's allegations in Count III are vague and conclusory.  Although *pro se*
23  pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory
24  and vague allegations will not support a cause of action.  Ivey v. Board of Regents of the
25  Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil
26  rights complaint may not supply essential elements of the claim that were not initially
27  pleaded.  Id.

28  Plaintiff fails to allege anything more than a single occurrence when mail from a

public official was opened outside his presence, in contravention of SCC policy but *not* the First Amendment, and withheld from him. Plaintiff otherwise fails to allege facts to support that mail sent to him has been improperly withheld or opened. Further, Plaintiff wholly fails to allege facts concerning when, where, or by whom his cell was searched and why he believes such search was improper.[2] Finally, as discussed herein, neither opening mail from the State Auditor, nor withholding that item from Plaintiff in any way undermined Plaintiff's previous RICO case. That case was solely dismissed because Plaintiff failed to pay the filing fee or to submit a proper *in forma pauperis* application. Because Plaintiff fails to allege facts to support a violation of his constitutional rights in Count III, that count will be dismissed.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v.

_____

[2]   The Fourth Amendment guarantees the right of the people to be secure against unreasonable searches, and its protections are not extinguished upon incarceration. Michenfelder v. Sumner, 860 F.2d 328, 322-33 (9th Cir. 1988). However, the Fourth Amendment "proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and needs and objectives of penal institutions." Hudson v. Palmer, 468 U.S. 517, 525-26 (l984).

Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended complaint is waived if it is not raised in a second amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## V.    Warnings

### A.    Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.    Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second  amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

1  malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

2  under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

3         **E.**    **Possible Dismissal**

4         If Plaintiff fails to timely comply with every provision of this Order, including these

5  warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

6  1260-61 (a district court may dismiss an action for failure to comply with any order of the

7  Court).

8         **IT IS ORDERED:**

9         (1)    The First Amended Complaint is **dismissed** for failure to state a claim.  (Doc.

10  7.) Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint

11  in compliance with this Order.

12         (2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

13  Court must, without further notice, enter a judgment of dismissal of this action with prejudice

14  that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

15         (3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

16  rights complaint by a prisoner.

17         DATED this 13th day of July, 2012.

18

19                                            *A. Murray Snow*

20                                        G. Murray Snow
                                      United States District Judge

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
> 　　　　Attorney for Defendant(s)
> _____
> (Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,   )
(Full Name of Plaintiff)          )
          Plaintiff,                )
                                    )
          vs.                       )   **CASE NO.** _____
                                    )   (To be supplied by the Clerk)
(1) _____ ,   )
(Full Name of Defendant)          )
(2) _____ ,   )
                                    )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,   )   **BY A PRISONER**
                                    )
(4) _____ ,   )   ☐ Original Complaint
       Defendant(s).                  )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
      ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
      ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
      ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                                    1                                    **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title)                                      (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                      (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                      (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                      (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities          ☐ Mail              ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**

a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes    ☐ No

b.   Did you submit a request for administrative relief on Count I?           ☐ Yes    ☐ No

c.   Did you appeal your request for relief on Count I to the highest level?  ☐ Yes    ☐ No

d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.

    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**

    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes  ☐ No

    b.   Did you submit a request for administrative relief on Count II?   ☐ Yes  ☐ No

    c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes  ☐ No

    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                           ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count III?           ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
               DATE                                            SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.